# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEST PALM BEACH FIREFIGHTERS' PENSION FUND, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>INTEGER HOLDINGS CORPORATION, JOSEPH W. DZIEDZIC, DIRON SMITH, and PAYMAN KHALES,<br><br>                Defendants. | Case No.: 1:25-cv-10251-JSR<br><br>Hon. Jed S. Rakoff<br><br><u>CLASS ACTION</u><br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS
FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | PROCEDURAL HISTORY | 2 |
| III. | FACTUAL BACKGROUND | 3 |
| IV. | ARGUMENT | 4 |
| | A. Pembroke Pines F&P Should Be Appointed Lead Plaintiff | 4 |
| |     1. The PSLRA Standard for Appointing Lead Plaintiff | 4 |
| |     2. Pembroke Pines F&P Is the "Most Adequate Plaintiff" | 5 |
| |         a. Pembroke Pines F&P Has Satisfied the PSLRA's Procedural Requirements | 5 |
| |         b. Pembroke Pines F&P Has the Largest Financial Interest in the Relief Sought by the Class | 5 |
| |         c. Pembroke Pines F&P Satisfies Rule 23's Typicality and Adequacy Requirements | 6 |
| |             i. Pembroke Pines F&P's Claims Are Typical of Those of the Class | 7 |
| |             ii. Pembroke Pines F&P Will Fairly and Adequately Protect the Interests of the Class | 7 |
| |         d. Pembroke Pines F&P Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA | 8 |
| | B. The Court Should Approve Pembroke Pines F&P's Selection of Counsel | 10 |
| V. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bloom v. Anderson (FirstEnergy Corp. Deriv. Litig.)*,
No. 20-cv-4534, 2020 WL 6710429 (S.D. Ohio Nov. 16, 2020) ............................................. 12

*Firefighters Pension & Ret. Sys. v. Xerox Corp.*,
No. 16-cv-8260, 2017 WL 775850 (S.D.N.Y. Feb. 28, 2017) ............................................... 7, 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................................. 9, 10

*In re Gildan Activewear Inc. Sec. Litig.*,
No. 08-cv-5048, 2010 WL 11746218 (S.D.N.Y. Sept. 20, 2010) ............................................ 11

*In re KIT Digit., Inc. Sec. Litig.*,
293 F.R.D. 441 (S.D.N.Y. 2013) ............................................................................................. 10

*Pompano Beach Police & Firefighters' Ret. Sys. v. Olo Inc.*,
No. 22-cv-8228, 2022 WL 17832556 (S.D.N.Y. Dec. 21, 2022) .................................... 7, 8, 11

*Samit v. CBS Corp.*,
No. 18-cv-7796, 2018 WL 11224303 & n.1 (S.D.N.Y. Nov. 30, 2018) ............................ 5, 6, 8

**Statutes**

15 U.S.C. § 78u-4(a) ........................................................................................................... *passim*
15 U.S.C. § 78j(b) ........................................................................................................................ 2
15 U.S.C. § 78t(a) ........................................................................................................................ 2

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

**Regulations**

17 C.F.R. § 240.10b-5 .................................................................................................................. 2

Proposed Lead Plaintiff Pembroke Pines Pension Fund for Firefighters and Police Officers ("Pembroke Pines F&P"), respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for an order: (1) appointing Pembroke Pines F&P as Lead Plaintiff for a class (the "Class") of all persons and entities that purchased Integer Holdings Corporation ("Integer" or the "Company") common stock between July 25, 2024 and October 22, 2025, inclusive (the "Class Period") in the above-captioned securities class action (the "Action"); (2) approving its selection of Saxena White P.A. ("Saxena White") as Lead Counsel for the Class; and (3) granting any such other and further relief as the Court may deem just and proper.

## I.     PRELIMINARY STATEMENT

Pembroke Pines F&P respectfully submits that it should be appointed Lead Plaintiff on behalf of the Class. Pembroke Pines F&P satisfies all the prerequisites for lead plaintiff appointment. As set forth in detail below, Pembroke Pines F&P incurred a loss of $620,697, as calculated under the prevailing last-in-first-out ("LIFO") loss calculation method, on its purchases of Integer common stock during the Class Period.[1] Accordingly, Pembroke Pines F&P has a powerful economic interest in directing the litigation and recovering the losses suffered by its members and beneficiaries—an interest believed to be greater than that of any competing movant.

Pembroke Pines F&P also meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of those of

---

[1] Pembroke Pines F&P's transactions in Integer common stock during the Class Period are set forth in the certification attached as Exhibit A to the Declaration of Marco A. Dueñas in Support of Pembroke Pines F&P's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Dueñas Decl."), filed concurrently herewith. A chart setting forth Pembroke Pines F&P's losses is attached as Exhibit B to the Dueñas Decl.

1

absent class members and it will fairly and adequately represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Pembroke Pines F&P is familiar with the obligations and responsibilities of the Lead Plaintiff, is not subject to any unique defenses, and has the incentive and ability to effectively supervise the prosecution of the Action in the best interests of the Class. Indeed, the PSLRA's legislative history shows that Pembroke Pines F&P is precisely the type of institutional investor whose participation in securities class actions the PSLRA was meant to foster. In short, Pembroke Pines F&P is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Pembroke Pines F&P also respectfully requests that the Court approve its selection of Lead Counsel. Pembroke Pines F&P's choice for Lead Counsel, Saxena White, is a leading national, federally certified woman- and minority-owned law firm specializing in representing institutional investors in securities and shareholder litigation, with substantial experience and success prosecuting securities class actions and other forms of shareholder litigation in this District and throughout the nation.

## II.   PROCEDURAL HISTORY

The Action pending before the Court is brought against: (1) Integer;[2] (2) Joseph W. Dziedzic, the Company's President and Chief Executive Officer; (3) Diron Smith, the Company's Chief Financial Officer and Executive Vice President; and (4) Payman Khales, the Company's Chief Operating Officer (collectively, "Defendants"), for violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)), and U.S. Securities and Exchange Commission (SEC) Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

---

[2] Integer is headquartered in Plano, Texas. Integer's common stock trades on the NYSE under the ticker symbol "ITGR."

## III.   FACTUAL BACKGROUND

Integer is a medical device contract manufacturer that focuses on cardiac rhythm management and cardiovascular products. The majority of the Company's revenue is derived from its Cardio & Vascular segment and includes electrophysiology ("EP") devices, which map the heart's electrical activity to diagnose and treat arrhythmias.

Leading up to the Class Period, the market for EP devices experienced substantial acceleration as companies sought to integrate these devices with newly developed pulse field ablation (PFA) platforms that use brief, high-energy electrical pulses to treat atrial fibrillation. Integrating EP devices with PFA platforms enables a more seamless and efficient cardiac procedure. The action alleges that Defendants misrepresented the Company's competitive position within the expanding EP market and overstated demand for Integer's EP devices. In truth, demand for the Company's EP devices was not outpacing market growth and, instead, was experiencing a pronounced deceleration in sales and revenue growth.

The truth was revealed on October 23, 2025, before markets opened, when Integer informed investors that it had lowered its full-year 2025 sales guidance to a range of $1.840 billion to $1.854 billion—down from its prior range of $1.850 billion to $1.876 billion—and below analysts' estimates of $1.866 billion. Integer also disclosed that it expected 2026 net sales growth of -2% to 2% and 2026 organic sales growth of 0% to 4%. During the related earnings call, Defendant Khales stated that the Company "expect[s] sales of [three] new products to decline in 2026," including two "electrophysiology [EP] products." He further acknowledged that "the market adoption of these products has been slower than forecasted." On this news, Integer common stock fell $35.22 per share, or more than 32%, to a closing price of $73.89 per share on October 23, 2025.

3

Integer's material misrepresentations and omissions, and the revelations thereof, thus caused Pembroke Pines F&P and the Class to incur substantial damages.

## IV. ARGUMENT

### A. Pembroke Pines F&P Should Be Appointed Lead Plaintiff

#### 1. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purposed plaintiff class—
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) That, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or filed a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may

4

be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2. Pembroke Pines F&P Is the "Most Adequate Plaintiff"

Pembroke Pines F&P respectfully submits that it is presumptively the "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, possesses the largest financial interest of any qualified movant, and satisfies Rule 23's typicality and adequacy requirements.

#### a. Pembroke Pines F&P Has Satisfied the PSLRA's Procedural Requirements

Pembroke Pines F&P filed this Motion to serve as Lead Plaintiff in a timely manner. On December 10, 2025, the plaintiff that filed this Action, represented by Saxena White, caused a notice of this Action's pendency to be published on *GlobeNewswire*, a widely circulated, national, business-oriented news reporting wire service. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Notice, Dueñas Decl., Ex. C. Thus, pursuant to the PSLRA, any member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before February 9, 2026. Pembroke Pines F&P filed this motion within the required time frame.

#### b. Pembroke Pines F&P Has the Largest Financial Interest in the Relief Sought by the Class

Pembroke Pines F&P should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" so long as that movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Samit v. CBS Corp.*, No. 18-cv-7796, 2018 WL 11224303, at *2 & n.1 (S.D.N.Y. Nov. 30,

5

2018) (finding that the movant claiming the largest loss had "the largest financial stake in the putative class's recovery").

Pembroke Pines F&P sustained a loss of approximately $620,697 on a LIFO basis on its transactions in Integer common stock. *See* Dueñas Decl., Exs. A, B. Pembroke Pines F&P is unaware of any other movant seeking appointment as Lead Plaintiff that has a larger financial interest in the outcome of the action and also satisfies the typicality and adequacy requirements of Rule 23. Accordingly, Pembroke Pines F&P has the largest financial interest of any qualified movant seeking Lead Plaintiff status and, because it satisfies the applicable requirements of Rule 23, as discussed below, is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

        **c.**      **Pembroke Pines F&P Satisfies Rule 23's Typicality and Adequacy Requirements**

In addition to requiring the identification of the movant with the largest financial interest, the PSLRA also directs that a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to class certification, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). However, at this early stage of the litigation, a presumptive plaintiff "must make only a prima facie showing that the requirements of Rule 23 are met[.]" *CBS Corp.*, 2018 WL 11224303, at *1 (internal quotation marks and citations omitted and alterations in the original).

6

### i. Pembroke Pines F&P's Claims Are Typical of Those of the Class

Pursuant to Rule 23(a)(3), the claims or defenses of the representative party must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement is satisfied "when a plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all class members." *Pompano Beach Police & Firefighters' Ret. Sys. v. Olo Inc.*, No. 22-cv-8228, 2022 WL 17832556, at *2 (S.D.N.Y. Dec. 21, 2022); *see also Okla. Firefighters Pension & Ret. Sys. v. Xerox Corp.*, No. 16-cv-8260, 2017 WL 775850, at *5 (S.D.N.Y. Feb. 28, 2017) (finding institutional investor movant typical where it "purchased [the issuer's] stock during the class period at prices allegedly improperly high because of defendants' allegedly materially false and misleading statements, and thereby was damaged").

The typicality requirement is satisfied here because Pembroke Pines F&P, which is not subject to any unique or special defenses, seeks the same relief and advances the same legal theories as do other Class members. Like all members of the Class, Pembroke Pines F&P: (1) purchased Integer common stock during the Class Period; (2) at prices that were allegedly inflated due to Defendants' materially false or misleading statements or omissions; and (3) was damaged thereby when the truth was revealed. *Olo Inc.*, 2022 WL 17832556 at *2 (discussing typicality). As such, Pembroke Pines F&P's claims are typical of the Class's claims and satisfy Rule 23(a)(3)'s typicality requirement.

### ii. Pembroke Pines F&P Will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between

7

the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Olo Inc.*, 2022 WL 17832556, at *2 (internal quotation marks and citations omitted).

Pembroke Pines F&P will fairly and adequately represent the interests of the proposed Class. Pembroke Pines F&P's interests are aligned with those of the other Class members and are not antagonistic in any way, and there are no facts to suggest any actual or potential conflict of interest exists between Pembroke Pines F&P and the other Class members. As an institutional investor with a substantial financial interest in the litigation, Pembroke Pines F&P has the resources and incentive to faithfully represent the Class and vigorously prosecute the litigation. *See CBS Corp.*, 2018 WL 11224303, at *2 (noting that an institutional investor's "substantial stake in any recovery by the putative class ensures it will vigorously advocate on the class's behalf").

Pembroke Pines F&P has further demonstrated its adequacy through its selection of Saxena White as proposed Lead Counsel for the Class. As discussed below, *see infra* Section IV.B, Saxena White is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to effectively prosecute complex securities class actions and other forms of shareholder litigation. Accordingly, Pembroke Pines F&P satisfies the adequacy requirement.

### d. Pembroke Pines F&P Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Pembroke Pines F&P is the paradigmatic lead plaintiff envisioned by Congress in its enactment of the PSLRA. As Congress noted in its PSLRA Statement of Managers Report, the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part because "[i]nstitutional investors and other class members with large amounts at stake will

represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (quoting H.R. Conf. Rep. No. 104-327, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 737 (1995)); *see also Xerox Corp.*, 2017 WL 775850, at *5 (noting pension fund movant "is an institutional investor, which Congress prefers for a lead plaintiff").

Pembroke Pines F&P has significant resources and a substantial financial interest in this litigation. Pembroke Pines F&P is a public pension system that serves more than 800 beneficiaries of firefighters and police officers in Pembroke Pines, Florida and has more than $990 million in assets under management. Thus, Pembroke Pines F&P has the ability, resources, and incentive to vigorously represent the claims of the Class and supervise Class counsel. Pembroke Pines F&P also understands the fiduciary duties of a lead plaintiff, is willing to oversee the vigorous prosecution of the Action, and has pledged to "provid[e] testimony at deposition and trial, if necessary." Certification, Dueñas Decl., Ex. A.

Pembroke Pines F&P's understanding of the duties of a lead plaintiff under the PLSRA is informed by successfully serving as co-lead plaintiff, including in this Circuit, in: *City of Hollywood Police Officers' Ret. Sys. v. Henry Schein Inc.*, No. 19-cv-5530 (E.D.N.Y.) ($35 million recovery, with Saxena White serving as lead counsel); *Plymouth Cnty. Ret. Sys. v. Patterson Cos., Inc.*, No. 18-cv-0871 (D. Minn.) ($63 million recovery, with Saxena White serving as co-lead counsel); and *In re HD Supply Holdings, Inc. Sec. Litig*, No. 17-cv-2587 (N.D. Ga.) ($50 million recovery, with Saxena White serving as lead counsel). Thus, Pembroke Pines F&P is the paradigmatic lead plaintiff, as contemplated by the PSLRA.

### B.      The Court Should Approve Pembroke Pines F&P's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *In re Cendant*, 264 F.3d at 274; *see also In re KIT Digit., Inc. Sec. Litig.*, 293 F.R.D. 441, 448 (S.D.N.Y. 2013) (explaining that the "PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention") (internal quotation marks and citation omitted). Here, Pembroke Pines F&P has selected Saxena White to represent the Class as Lead Counsel. *See* Dueñas Decl., Ex. D (Firm resume of Saxena White).[3]

Saxena White, which has an office in White Plains, New York, has achieved substantial recoveries on behalf of investor classes when serving as lead counsel in securities class actions in this District and throughout the country. Saxena White's track record in securities litigation includes: the $31.9 million recovery in *In re Perrigo Company plc Securities Litigation*, No. 19-cv-70 (S.D.N.Y.); the $210 million recovery for the investor class in *In re Wilmington Trust Securities Litigation*, No. 10-cv-990 (D. Del.); the $135 million recovery in *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, No. 17-cv-304 (D. Colo.); the $73 million recovery in *In re Rayonier Inc. Securities Litigation*, No. 14-cv-1395 (M.D. Fla.); the $65 million

---

[3] Prior to selecting Saxena White as its counsel, and in consultation with its outside fiduciary counsel Robert D. Klausner, Pembroke Pines F&P engaged in a comprehensive evaluation process to select counsel. Through that process, Pembroke Pines F&P determined that Saxena White is ideally suited to represent Pembroke Pines F&P and the Class in this Action based on, among other things: Saxena White's track record and expertise in securities class actions; the lawyers assigned to the Action; the results of Saxena White's proprietary investigation; Saxena White's filing of the first and only complaint in this Action on behalf of West Palm Beach Firefighters' Pension Fund; and Saxena White's proposed strategy for prosecuting the Action. Also prior to selecting Saxena White as its counsel, Pembroke Pines F&P negotiated a competitive fee agreement on behalf of itself and the Class. At the Court's request, Pembroke Pines F&P would be pleased to submit its retainer agreement for the Court's *in camera* review.

recovery in *Black v. Snap Inc.*, No. 21-cv-8892 (C.D. Cal.) (pending final approval); the $65 million recovery in *In re Apache Corp. Securities Litigation*, No. 21-cv-575 (S.D. Tex.); the $63 million recovery in *Plymouth County Retirement System v. Patterson Companies Inc.*, No. 18-cv-871 (D. Minn.) (with Pembroke Pines F&P as co-lead plaintiff); the $55 million recovery in *Leventhal v. Chegg, Inc.*, No. 21-cv-0953 (N.D. Cal.); the $53.3 million recovery in *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 04-cv-7644 (N.D. Ill.); the $50 million recovery in *In re HD Supply Holdings, Inc. Securities Litigation*, No. 17-cv-2587 (N.D. Ga.) (with Pembroke Pines F&P as co-lead plaintiff); the $35 million recovery in *City of Hollywood Police Officers' Retirement System v. Henry Schein, Inc.*, No. 19-cv-5530 (E.D.N.Y.) (with Pembroke Pines F&P as co-lead plaintiff); the $30 million recovery in *In re James River Holdings Ltd. Securities Litigation*, No. 21-cv-444 (E.D. Va.); the $30 million recovery in *City of Miami Fire Fighters' & Police Officers' Retirement Trust v. Cerence Inc.*, No. 22-cv-10321 (D. Mass.); and the $28.5 million recovery in *In re FibroGen, Inc. Securities Litigation*, No. 21-cv-2623 (N.D. Cal.).

Moreover, Saxena White achieved a $240 million settlement and significant corporate governance reforms in a derivative action on behalf of Wells Fargo & Company—the largest insurance-funded monetary recovery in a shareholder derivative settlement ever. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 4:16-cv-5541-JST (N.D. Cal.).

By approving Pembroke Pines F&P's choice of Lead Counsel, this Court will also advance the important goal of increasing diversity among class counsel. *See In re Gildan Activewear Inc. Sec. Litig.*, No. 08-cv-5048, 2010 WL 11746218, at *1 (S.D.N.Y. Sept. 20, 2010) (noting that because the "proposed class includes thousands of participants, both male and female, arguably from diverse backgrounds, . . . it is therefore important to all concerned that there is evidence of diversity, in terms of race and gender, in the class counsel I appoint"). As a federally certified

woman- and minority-owned firm specializing in representing institutional investors as plaintiffs in securities litigation, Saxena White is committed to diversity.  For example, Saxena White was selected by the Chief Judge of the Southern District of Ohio as Co-Lead Counsel in an important shareholder derivative action involving a corruption and bribery scheme, not only for its "impressive" and "considerable track record[] of successfully prosecuting shareholder derivative actions," but also for its "diverse team" that "best reflects the plaintiffs' diversity and is best suited to act on their behalf."  *Bloom v. Anderson (FirstEnergy Corp. Deriv. Litig.)*, No. 20-cv-4534, 2020 WL 6710429, at *8-9 (S.D. Ohio Nov. 16, 2020).

Thus, the Court may be assured by granting this Motion that the Class will receive the highest caliber of representation.  Accordingly, the Court should approve Pembroke Pines F&P's selection of Saxena White to serve as Lead Counsel for the Class.

## V.    CONCLUSION

For the foregoing reasons, Pembroke Pines F&P respectfully requests that the Court: (1) appoint Pembroke Pines F&P to serve as Lead Plaintiff for the Class; (2) approve Pembroke Pines F&P's selection of Saxena White to serve as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: February 9, 2026                           Respectfully submitted,

**SAXENA WHITE P.A.**

By: */s/ Marco A. Dueñas*

Marco A. Dueñas
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
mduenas@saxenawhite.com

Maya Saxena (*pro hac vice* forthcoming)

        Lester R. Hooker
        7777 Glades Road, Suite 300
        Boca Raton, FL 33434
        Tel.: (561) 394-3399
        Fax: (561) 394-3382
        msaxena@saxenawhite.com
        lhooker@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Pembroke Pines Pension Fund for Firefighters and Police Officers, and Proposed Lead Counsel for the Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner
7080 NW 4th Street
Plantation, Florida 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Proposed Lead Plaintiff Pembroke Pines Pension Fund for Firefighters and Police Officers*

13

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff Movant Pembroke Pines Pension Fund for Firefighters and Police Officers, certifies that this Memorandum of Law in support of Pembroke Pines F&P Motion contains 3,674 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

                                                */s/ Marco A. Dueñas*
                                                Marco A. Dueñas

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on February 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

                                                           */s/ Marco A. Dueñas*
                                                          Marco A. Dueñas