UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEST PALM BEACH FIREFIGHTERS
PENSION FUND, on behalf of
itself and all others
similarly situated,

       Plaintiff,

  -v-

INTEGER HOLDINGS CORP.,
JOSEPH W. DZIEDZIC, DIRON
SMITH, and PAYMAN KHALES,

      Defendants.

25-cv-10251 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is a motion from Pembroke Pines Pension Fund for Firefighters and Police Officers ("Pembroke Pines") to serve as lead plaintiff in this putative PSLRA class action against Integer Holdings Corporation ("Integer"). A prior competing lead plaintiff motion brought by Massachusetts Laborers' Annuity and Pension Funds was withdrawn. Accordingly, only Pembroke Pines's motion is now before the Court.

The PSLRA provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the "most adequate plaintiff" is the moving plaintiff who (1) has the largest financial interest in the relief sought by the class; and (2) satisfies the typicality and adequacy requirements of

1

Rule 23. Id. § 78u-4(a)(3)(B)(iii)(I). This presumption is rebutted if the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. Id. § 78u-4(a)(3)(B)(iii)(II).

After consideration of the written submissions from Pembroke Pines, the Court conducted an evidentiary hearing on March 11, 2026, to inquire into the foregoing issues and particularly the adequacy of Pembroke Pines and its proposed counsel, Saxena White, P.A. ("Saxena White"). Based on that record, the Court hereby appoints Pembroke Pines as lead plaintiff. Pembroke Pines is presumptively "the most adequate plaintiff." It claims a loss in the amount of $620,697 and no other party has come forward claiming a larger financial interest. See Dueñas Decl., Exs. A, B, ECF No. 21. Moreover, Pembroke Pines's claims appear to be typical of the class and it has made a prima facie showing of adequacy. There are no apparent issues specific to Pembroke Pines that would create a conflict of interest between it and the class, or any facts that suggest Pembroke Pines's interests would not be aligned with those of the class. Accordingly, nothing rebuts the presumption that Pembroke Pines is best situated to serve as lead plaintiff in this action.

In terms of its counsel, the Court hereby appoints Pembroke Pines's chosen counsel, Saxena White, to serve as lead counsel. However, the Court sees no reason why Saxena White, which has submitted an extensive resume, could not handle the entire action without

dividing its fees with another firm (as suggested in the retainer agreement with Pembroke Pines that the Court examined at the evidentiary hearing). Accordingly, the Court appoints Saxena White on the condition that it handle the entire case and that the Court will not permit it to share fees, directly or indirectly, with any other firm.

The parties are further directed to jointly call Chambers on Tuesday, March 17, 2026, at 11:00 a.m. to discuss further scheduling in this case.

SO ORDERED.

New York, NY
March 16, 2026

_____
JED S. RAKOFF, U.S.D.J.